# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03373-RM-MEH

GAYLA BARDEN,

Plaintiff,

v.

KING SOOPERS, a Colorado corporation,

Defendant.

_____

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

_____

Plaintiff Gayla Barden ("Barden"), by and through her attorney, Timothy L. Nemechek, Esq., and submits the following Response to Defendant's Motion for Summary Judgment. Said Motion is properly denied on the following grounds:

## I
## Factual Background

Plaintiff, Gayla Barden has worked for Defendant Dillon Companies, Inc. d//b/a King Soopers ("King Soopers") for almost 29 years. During her tenure, she has been an exemplary employee, receiving multiple customer compliments and accolades from her managers. [See Exhibit 1.] In 2009, Plaintiff was working in the grocery department at Store 75 in Parker, Colorado. This position involved stocking the shelves, arranging merchandise and related duties. As part of this position, one of Ms. Barden's job duties was to break down tubs of merchandise, placing items on the shelves. Ms. Barden testified that although the written job description required overhead lifting, this particular task was rarely done.

On April 4, 2009, Ms. Barden suffered an injury while working.  Ms. Barden fell and injured her shoulder, tearing a rotator cuff.  She initially received conservative treatment, that the injury required surgery and rehabilitation.  After her injury, Defendant provided light duty based upon Ms. Barden's restrictions.  These restrictions were articulated by Ms. Barden's treating physicians within the worker's compensation system.  Defendant was able to accommodate these restrictions and Plaintiff continued working.

An issue arose regarding authorization for medical treatment, which was denied by Defendant's worker's compensation adjuster.  Plaintiff lost confidence in the doctor which had been chosen by the Defendant and requested a hearing to change physicians.  This was because Plaintiff was requesting additional treatment, which was not authorized by the third-party administrator, which was adjusting the case for Defendant.  This issue went to hearing before an Administrative Law Judge at the Office of Administrative Courts and Plaintiff's request for change of physician was granted on or about March 28, 2011.  An Order was issued by the Administrative Law Judge, which is attached hereto and incorporated herein by this reference as Exhibit 2.  This is pertinent to this Court's consideration of the Motion for Summary Judgment because Plaintiff continued to work and even though she had restrictions, the undisputed evidence is that she was able to perform all functions of her job within the Grocery Department.

Plaintiff's new authorized treating physician was Kristin Mason, M.D.  Dr. Mason oversaw all of Ms. Barden's treatment within the worker's compensation system and Defendant has submitted some of the medical records related to Ms. Barden's treatment, as well as her physical restrictions. [See Exhibits K-L.]  Over the course of the next seven months, Ms. Barden's condition improved, including her level of functioning.

In August, 2011, Plaintiff's permanent restrictions were considered by Defendant's Manager of Labor and Employee Relations, Stephanie Bouknight.   A copy of the form completed by Plaintiff as part of that evaluation was attached as Exhibit M to the Motion for Summary Judgment. The Defendant is attempting to argue that all aspects of Plaintiff's physical limitations, including her permanent restrictions were fully evaluated in the context of this meeting.  Plaintiff's view diverges significantly from this and in particular, Ms. Barden contends that Ms. Bouknight did not even have the most recent medical records from Dr. Mason.  Ms. Barden contends that she was able to perform all job functions and related this to Ms. Bouknight.

In addition, Plaintiff's treatment continued in the subsequent months through February, 2012.  [See Exhibit 3-4, which document Ms. Barden's treatment and improvement.]   On or about February 22, 2012, store manager Michele Nealy met with Ms. Barden to advise her that she had been transferred to the service desk because of her permanent restrictions. Prior to this, there were a number of emails that were exchanged by members of management employed Defendant, including Ms. Bouknight, which had as their subject Ms. Barden's permanent restrictions.   [Exhibits 5-6.]   These e-mails were produced in the course of discovery and significantly, there is no evidence that management representatives ever solicited the input of Ms. Barden.  It was in this context that Defendant decided to transfer Plaintiff to the service desk.  Ms. Barden contends that this failure to truly conduct a reasonable accommodation in the valuation violated the provisions of the ADA.

Ms. Barden was informed by the store manager Ms. Nealy, who did not solicit to Plaintiff's input, nor did she address the issue of reasonable accommodation. During the course of that conversation, witness Eddie Scott was present and confirmed to Ms. Nealy that Ms. Barden was doing **all** of the job tasks within the grocery department which was confirmed by

Mr. Scott.   [See Exhibit 7].   Yet Defendant continued with its plan to transfer Plaintiff and reduce her pay, which constituted an adverse employment action.   Shortly thereafter, on March 9, 2012, Plaintiff was released to a trial of full duty issued by Dr. Mason, which the doctor defined as 50 lbs. lifting to waist, 8 lbs. overhead lifting.   [See Exhibit 8].   Ms. Barden was able to perform the APC job, as documented by Dr. Mason.   Defendant was given this information, however, there is no evidence that there was a discussion with the Plaintiff, nor was her input sought.   Even though Defendant had information that clearly specified that Plaintiff could perform all tasks required of an APC in the grocery department, Defendant failed to discuss this issue with Plaintiff or consider reasonable accommodation.   Defendant had decided to transfer Plaintiff to the service Department regardless of what her restrictions were. As such, a triable issue of material fact exists with regard to Plaintiff's claim under The Americans With Disabilities Act and summary judgment should be denied.

In May, 2012, there was a position for a part-time employee within the grocery department, however, store manager Nealy would not agree to the shifts that Ms. Barden had previously been working. (See Exhibit 10).   In addition, there have not been full time APC positions open for which Plaintiff could apply.   Ms. Barden has continued to work in the service desk position, albeit at a lower pay.

In addition to the claim for the Defendant's violation of the Americans With Disabilities Act, Plaintiff contends that she has sufficient evidence to establish a prima facie case under pendant state law claims for promissory estoppel and/or implied-in-fact contract.   This is based on Ms. Barden's tenure, her exemplary performance, attendance, as well as numerous plaudits that she has received over the course of her employment. Several of these are attached hereto and incorporated hereby this reference as Exhibit 1.   During her employment, Ms. Barden's

supervisors advised her that she would continue with her employment based upon her exemplary performance. At a minimum, Plaintiff contends that there is a triable issue with regard to these claims.

Last, Plaintiff has asserted a claim under the Age Discrimination in Employment act. Plaintiff has assembled evidence indicative of the hostile environment that existed while working for Defendant. This includes comments directly related to her age made by supervisory personnel employed by Defendant.  However, Plaintiff will be seeking to dismiss this claim for relief companies on the current state of the evidence.

In short, there are numerous issues that are disputed that require a trial in the merits of the case.  Plaintiff requests the Court to deny the Motion for Summary Judgment.

## II
### Plaintiff's Statement of Disputed Material Facts

Plaintiff Barden submits that there are multiple issues of disputed material facts, particularly with regard to the reasonable accommodation meeting which occurred in August, 2011, as well as the information concerning her permanent restrictions which was developed thereafter.  Plaintiff contends Defendant failed to conduct a bona fide reasonable accommodation evaluation in February-March, 2012 timeframe, which is disputed.  These disputed material facts are noted below:

### A.      Defendant Failed to Engage in a Bona Fide Interactive Process With Ms. Barden Concerning Her Disability

1.      Plaintiff was performing all aspects of her job within the grocery department in August, 2011.  (See Exhibits M and 7). This was corroborated by Eddie Scott in his deposition (Exhibit 13, pages 25:23-26:6.)

2.      The only accommodation Plaintiff required was occasionally asking for help with the tubs.  (See Ex 16-Plaintiff's deposition, page 153:25-154:3; Exhibit 9-Dr. Mason's report noting she would ask for help)

3.      Plaintiff's position within the grocery department rarely her to lift objects over her head and top shelves did not have items that weighed more than 8 pounds. (Exhibit 9-Dr. Mason's report; Affidavit of Gayla Barden, paragraph 5[1])

4.      Ms. Bouknight did not have Plaintiff's most recent medical records in the August, 2011 meeting.  (See Ex 16-Plaintiff's deposition, page 149:23-24)

5.      Ms. Bounkight did not make a specific and detailed inquiry regarding Plaintiff's restrictions in August, 2011.

**B.      Defendant Could Have Accommodated Plaintiff's Restrictions in the February-March, 2012 Time Frame**

1.      Plaintiff could perform all functions of her job in February, 2012. (Affidavit of Gayla Barden)

2.      Defendant and its representatives were aware of Plaintiff's improvement of her condition and that she was performing all of her job duties.  (Exhibits 4-6.)

3.      Dr. Bondi noted that Plaintiff had a five pound overhead lifting restriction, but was not required to do this particular job duty.  (See Exhibit 3).

4.      Defendant was aware that it was required to consider reasonable accommodation in February, 2012.  (See Exhibits 5 – 7, which are the e-mails exchanged by defendant's management presented is that discuss Ms. Barden's permanent restrictions and the issue of returning her to work.)

---

[1] Plaintiff has submitted an affidavit, which provides additional information beyond what she was asked her deposition. The Affidavit address subjects that were not directly discussed in her deposition and does not contradict her deposition testimony.

5.      Defendant failed to consider whether it could accommodate Plaintiff's five pound lift restrictions at the end of February, 2012.  (See Exhibits 4,5 – 7).

6.       Plaintiff never met with a representative from Defendant in February – March 2012.  (See Affidavit of Gayla Barden, paragraph 5).

**C.      <u>Plaintiff had a Release to Return to Her Grocery Position in March, 2012</u>**

1.      No representative from management discussed the release with Plaintiff. (See Affidavit of Plaintiff Barden, paragraph 5).

2.      No representative from Defendant revisited the question of returning Plaintiff to her grocery position after March 9, 2012.  (Exhibits 5 – 7-e-mails for Defendant's representatives; Affidavit of Plaintiff Barden, paragraph 5).

3.      Dr. Mason considered the physical requirements of the APC position and opined that Plaintiff could to the job. (See Exhibit 8)

**III**
**Plaintiff's Response to Defendant's Statement of Disputed Material Facts**

**A.      Ms. Barden's Employment With King Soopers.**

1.      Plaintiff Barden agrees that this is undisputed and that she was hired on October 15, 1985 at Store 63.

2.      Plaintiff agrees that this fact is undisputed, specifically that she transferred to Store 75 in Parker, Colorado.

3.      Plaintiff agrees that she was reassigned to the service desk on or about February 25, 2012.  (Plaintiff disputes that reassignment was required because of physical restrictions. Plaintiff contends that the requirements of

her job, ask Scott.  In addition, lifting requirements at the service desk are equivalent [less frequent] as the APC position. [Exhibits 14-15)

**B.      King Soopers' Workplace Policies.**

4.      Plaintiff admits that the King Soopers' policies and special procedures manual was in force at the time she suffered her injury.

5.      Plaintiff agrees this is undisputed, as she signed an acknowledgement receipt of the Policy Manual.

6.      Plaintiff agrees that this fact is undisputed.

7.      Plaintiff agrees that this fact is undisputed, but notes that there was not a discussion regarding the implications of the Policy Manual, at the time she signed the document.  (See Affidavit of Gayla Barden, paragraph 3).

**C.      Ms. Barden is Injured at Work.**

8.      Plaintiff agrees that it is undisputed that she is injured on April 4. 2009.

9.      Plaintiff agrees that this fact is undisputed.

10.     Plaintiff agrees that this fact is undisputed.

11.     Plaintiff agrees that she completed her shift and then spoke to Mr. Burke about seeing a doctor.

12.     Plaintiff agrees that one of the Mr. Burkes told her that she had cost the company $10,000.00 and wasn't prohibited from going to see a doctor. However, Plaintiff notes that one of the inferences is that could be derived from the statement is that she was being encouraged not to see a doctor.

13.     Plaintiff agrees that this fact is undisputed and that she saw Dr. Harris,

who issued restrictions and allowed her to work.


**D.     Following Her Accident, Ms. Barden Returned to Work With Physical Restrictions Set By Her Doctors.**

14.     Plaintiff agrees that this fact is undisputed and that she received treatment,

surgery and therapy.  She notes that the worker's compensation reports

were provided to Defendant.

15.     Plaintiff agrees that she is referred to Dr. Brunworth, who issued

restrictions and noted that Plaintiff was assisted by a gentlemen in the

store with heavy lifting.  Also note that there is a dispute as to the amount

of heavy lifting that is actually required and contends that she was able to

do all of her job duties, even with the restrictions.

16.     Plaintiff agrees that she was placed at MMI on March 29, 2010 with

permanent restrictions.

17.     Plaintiff admits that she said that she did not mesh with Dr. Brunworth,

but disputes as why she requested a change of physician.  Plaintiff lost

confidence in Dr. Brunworth because she was not being provided

treatment for her cervical spine.  (See Exhibit 2, which is the Order that

granted her change of physician).

18.     Plaintiff disputes this fact.  Per the Colorado Worker's Compensation Act,

Plaintiff requested an independent medical examination, as a dispute

concerning maximum medical improvement and permanent medical

impairment.  As a Division of Worker's Compensation Independent Medical Examiner, Dr. Hattem's opinion was binding with regard to MMI and permanent impairment[2].  An Independent Medical Examiner appointed through this process does not provide permanent restrictions, even though there is a reference within the report.

19.  Plaintiff disputes this fact.  Plaintiff was able to change physicians by virtue of the hearing in which she participated and received an Order from an Administrative Law Judge.  (Exhibit 2.)

20.  Plaintiff agrees that Dr. Mason issued permanent physical restrictions of 40 lbs. and 5 lbs. overhead restriction.  However, Plaintiff disputes whether she was required to lift 5 lbs. overhead within her job position. Plaintiff also notes that there is a dispute, as Dr. Mason thereafter issued a trial full duty release on March 9, 2014.  (Exhibit 8.)

**E.**   **Given Her Physical Restriction, Ms. Barden Could Not Perform The Physical Requirements Of The APC Position.**

21.  Plaintiff agrees that this fact is undisputed and that she met with Ms. Bouknight on August 15, 2011.  The disputed material fact concerns whether anyone in management contact the Plaintiff to engage in the interactive reasonable accommodation inquiry in the February-March, timeframe.

22.  Plaintiff agrees that her permanent restrictions at the time were 30 lbs waist and 5 lbs. overhead.  However, Plaintiff disputes whether Ms. Bouknight inquired into the specific job tasks she was performing.

---

[2] 8-42-107(8), C.R.S.

23.     Plaintiff agrees that it is undisputed that the job description for the APC position was reviewed.  However, Plaintiff disputes whether Ms. Bouknight discussed whether she was actually able to do all the essential functions of the job.

24.     Plaintiff admits that the APC job description sets forth the specific job requirements.  Plaintiff disputes whether these were actually required to be practiced or whether she performed said duties in Store 75 in Parker, Colorado. (Affidavit of Plaintiff, paragraph 5)

25.     This fact is disputed, although Plaintiff admits that she did not use the word "accommodation".  Plaintiff testified that she was able to perform all of her job duties, which Defendant disputes.

26.     Plaintiff admits that this fact is undisputed and that permanent restrictions were issued by Dr. Mason on February 14, 2012.  Plaintiff notes that there is a dispute as to material facts and what transpired afterwards, as Dr. Mason cleared her for a trial full duty release, which Dr. Mason characterized as 50 lbs. and 8 lbs. overhead.

27.     Plaintiff admits that  in her deposition she agree that as of February, 2012 she still had permanent restrictions.  However, Plaintiff notes that as of March 9, 2012, she was cleared for a trial fold duty release with permanent restrictions of 50 lbs and 8 lbs.  with these restrictions, Ms. Barden perform the essential functions of the APC position.

**F.     Ms. Barden Is Reassigned To A Job That She Could Perform Within Her Doctor's Physical Restrictions.**

28.     Plaintiff admits that she was reassigned to the service desk position by Ms. Nealy.  Plaintiff disputes whether it was because she could not perform all the essential functions of the job, as night shift supervisor Scott confirmed that she was performing all of her job functions.

29.     Plaintiff admits that under the February 14, 2012 permanent restrictions by Dr. Mason she was able to perform the service clerk position.  However, as of March 9, 2012 permanent restrictions issued by Dr. Mason, she was able to perform either the service desk position or the grocery position.

30.     Plaintiff admits that this fact is undisputed, as she did not have specific information as to how they replace her in the grocery department.

31.     Plaintiff admits that Mr. Scott testified that no one was hired to replace Ms. Barden.

**F.     Alleged Discrimination By King Soopers.**

32.     Plaintiff admits that she wrote a letter to Russ Dispense and that document, which was attached as Exhibit Q speaks for itself.

33.     Plaintiff admits that she alleged that she was unfairly demoted and age, as well as money played a factor.  Plaintiff also alleges that Defendant failed to conduct a bona fide reasonable accommodation evaluation in the time frame from February 14 – March 9, 2012.

34.     Plaintiff admits that she raised a concern about Dr. Brunworth and her comment concerning her age.

35.     Plaintiff admits that Dr. Brunworth is not employed by Defendant, however, under the Colorado Worker's Compensation Act, Dr. Brunworth was an authorized treating physician, which is designated by the employer in the worker's compensation system.

36.     Plaintiff admits this fact is undisputed.

37.     Plaintiff admits that her evidence of age discrimination, citing the comment made by Ms. Clark as referenced in paragraph 37.

38.     Plaintiff admits that this comment was made by Clark and was related to her claim that comment was hostile environment based on age her age.

39.     Plaintiff views this fact as undisputed.

40.     Plaintiff agrees that this fact is undisputed.

41.     Plaintiff agrees that this fact is undisputed.

42.     Plaintiff agrees that she testified in that in her deposition.

43.     Plaintiff agrees that she does not consider herself to be disabled. However, Plaintiff is entitled to protection by the Americans With Disabilities Act, as Defendant considered here disabled and she has permanent physical restrictions.

44.     Plaintiff agrees that she testified as specified by this fact.

45.     Plaintiff agrees that she testified as reflected in this fact.

46.     Plaintiff agrees that this fact is undisputed.  Plaintiff disputes whether Kind Soopers conducted a reasonable accommodation in the February – March, 2012 time frame.

47.     Plaintiff agrees that she testified as referenced in this fact.

48.     Plaintiff agrees that she testified in this fashion as specified by this fact. Plaintiff has not asked, but has set forth her Affidavit that she believed quality of work she provided gives rise to an obligation on the part of King Soopers.

49.     Plaintiff agrees that she said this, but notes that this is a disputed material fact, as the question as to what Ms. Bouknight told her.

50.     Plaintiff agrees that she testified as specified in this fact.

**H.      Ms. Barden Failed to Apply For Open APC Positions After Her Restrictions Were Removed.**

51.     Plaintiff specified that the physical restrictions were removed as of March 9, 2012.  Plaintiff notes that Dr. Mason wanted her to start on what was described as a full duty trial, with 50 lbs. lifting restrictions to her waist and 8 lbs. overhead.  Plaintiff states that there are disputed material facts as to what  information defendant was utilizing when she was transferred..

52.     Plaintiff agrees that she spoke to Paul Mondragon with regard to return to the APC position.  The dispute concerning this fact is whether she would be able to return to a full time APC position.

53.     Plaintiff specifies that this is a disputed material fact, however, there have been openings for APC positions within grocery.  All of these have been part-time positions. (Deposition of Eddie Scott.)

54.     Plaintiff agrees that there was an open APC position of which she was notified by Ms. Nealy.  However, the disputed material fact in connection with this is that this was a part-time position.

55.     Plaintiff admits that she did not apply for the part-time APC position.

56. Plaintiff disputes this material fact, as there is no evidence that she would have worked 40 hours per week in the part-time APC position.

57. Plaintiff does not dispute that part-time APC positions are paid the same hourly rate.  However, Ms. Barden disputes whether she would receive full time hours within the position.

58. Plaintiff does not dispute that she would have made the same amount had the position been a full-time position.  However, Plaintiff disputes whether this was represented to be a full-time position.

59. Plaintiff agrees that she has not applied for any open APC position at King Soopers.  Plaintiff notes that the disputed material fact is whether any of these would constitute full-time employment.

**IV**
**Argument**

**<u>Defendant's Motion For Summary Judgment Should Be Denied Because Plaintiff Has Established Genuine Issues Of Material Fact As To Her Claims For Relief</u>**

It is well settled that summary judgment is a drastic remedy appropriate only when the pleadings and supporting documents demonstrate that there is no genuine issue as to any material facts and the moving party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554-55 (1986).  A genuine issue of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return the verdict for that party." *Merrick v. Northern Natural Gas Co.*, 911 F.2d 426, 429 (10th Cir. 1990). A fact is material if, under the governing law, it could impact the outcome of the lawsuit.  A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented.  *Tabor v. Hilti, Inc*, 703. F.3d 1206, 1215 (10th Cir. 2013).

When determining whether summary judgment is an appropriate remedy, the nonmoving party is entitled to benefit of all favorable inferences drawn from the undisputed facts and all doubts must be resolved against the moving party. *Id.;* See also *Zygart v. Board of County Commissioners*, 483 F.3d 1086, 1090 (10th Cir. 2007)

Plaintiff contends that there are a plethora of disputed material facts in the case at bench, starting with the reasonable accommodation meeting several conducted by Defendant's representative, Stephanie Bouknight which occurred in August, 2011.  Plaintiff contends that Ms. Bouknight, who discussed the worker's compensation case, as well as her restrictions did not have her most recent medical records and did not truly discuss whether or not she could do all aspects of her job.

More significantly, Plaintiff continued to receive medical treatment and in February, 2011, her treatment was transferred to Kristin Mason, M.D.  Dr. Mason referred Ms. Barden for additional treatment, including physical therapy and acupuncture, which increased her level of functioning.   (See Exhibit K attached to Defendant's Motion for Summary Judgment and Exhibits 5-8, which are attached to Plaintiff's Response.)   It is undisputed that neither Ms. Bouknight, nor any other representative of Defendant conducted a follow-up meeting with Plaintiff to discuss the full duty release issued by Dr. Mason.  In fact, Plaintiff obtained evidence during the course of discovery that this issue was considered by the return to work specialist employed by Defendant and the store manager.   Yet, representatives of Defendant never discussed this issue with Ms. Barden, nor was the question of reasonable accommodation reevaluated in light of this new information.   Defendant's failure to address these facts and engage in the interactive process precludes summary judgment in this case.

**A.    Plaintiff Can Establish A Prima Facie Claim For Discrimination Under The Americans With Disabilities Act.**

To establish a prima facie case of disability discrimination, Plaintiff Barden must show: (1) she was disabled; (2) she was qualified, with or without reasonable accommodation, to perform the essential functions of her job; and (3) her employer discriminated against her because of her disability. *Robert v. Bd. of Cnty. Comm'rs*, 691 F.3d 1211, 1216 (10th Cir. 2012).

As a starting point, Defendant has argued that there is a question whether Plaintiff was disabled. This case is analogous to *Carter v. Pathfinder Energy Services, Inc.*, 662 F.3d 1134 (10th Cir. 2011).   In that case, the Court began its analysis noting that the determination of whether the Plaintiff produced enough evidence to allow a reasonable jury to conclude that he has established a prima facie case of discrimination is not an onerous burden. [citing *Plotke v. White* 405 F.3d 1092, 1099 (10th Cir 2005]    similarly, Ms. Barden contends that she has established enough evidence to establish each of the elements of a prima facie claim under the ADA.  Ms. Barden contends that each of the elements of an ADA claim give rise to disputed issues of material fact, which preclude an order granting summary judgment.

With regard to the first element whether she was disabled, there is no dispute that Defendant possessed Plaintiff's medical records, which specify permit medical impairment, as well as permanent restrictions. These were initially evaluated by Defendant in August, 2011. After Plaintiff's treatment was transferred to Dr. Mason, there were extensive communications by managers of Defendant with regard to Plaintiff's disability.

As such, there is no question that Plaintiff can established that she had a disability as that term is defined by the ADA or had a record of such a disability. The specific communications as evidence in the emails (Exhibits 4-7) document that Defendant regarded Ms. Barden as having a disability. Therefore, the court should reject the arguments proffered by Defendant that she was

not disabled under the ADA. Defendant's own communications establish the prima facie evidence for this element of the claim.

In the case at bench, there is also a dispute on the second element, namely whether Ms. Barden was qualified, with or without reasonable accommodation to perform the essential functions of her job. The question of whether Plaintiff is qualified and could perform the essential functions of her job is considered a mixed question of law and fact. *Hennagir v. Utah Dept. of Corrections,* 587 F.3d 1255, 1262 (10th Cir. 2009). More particularly, a job function is "essential" if it is fundamental to position an employee's performance. *Hennagir*, *supra* 587 F.3d 1262. There is a disputed issue of material fact in this case as to what constituted the job duties that Ms. Barden was actually performing.

In this regard, Ms. Barden informed defendant in August 2011 that she was able to do the lifting part of her job. In February, 2012, Defendant had evidence in the form of Mr. Scott's deposition, Plaintiff was doing all aspects of the APC job. Furthermore, defendant failed to conduct a reasonable accommodation evaluation in February-March, 2012. Yet, Defendant claims that she was not able to perform the essential functions of the APC position. These facts create a triable issue of material fact with regard to this element of the ADA claim.

There is also a significant dispute concerning the transfer of Plaintiff to the service desk in that some of the lifting requirements for both this position and the APC position are very similar. That coupled with the unrefuted evidence that Dr. Mason returned Plaintiff to full duty status on a trial basis, which was ignored by defendant is an issue that needs to be tried by the fact finder.

Last, as the Court reasoned in *Carter*, given all facts noted above, there are disputed issues of material fact with regard to the transfer of plaintiff to the service desk and the lack of reasonable accommodation. On this basis, the Motion should be denied.

Third, Ms. Barden contends that Defendant took the adverse employment action in an effort to save money because her pay was significantly reduced. Plaintiff contends that this constitutes discrimination under the ADA. Plaintiff has admissible evidence, particularly in the form of Mr. Scott's testimony that plaintiff was able to do the job and this gives rise to the inference of discrimination under the ADA. Once again, a triable issue as to this element defeats the motion for summary judgment.

**B.    Plaintiff Can Establish A Prima Facie Claim For Promissory Estoppel and/or Breach of Implied Contract**

Plaintiff's claims for relief involving promissory estoppel and/or implied-in fact contract are based upon both her tenure with the company, her exemplary performance, as well as assurances she received from management employed by Defendant. With regard to the promissory estoppel claim, Ms. Barden contends that she is able to establish a triable issue on this claim for three reasons. First, Plaintiff contends that the promise was enforceable based upon representations made by management during the course of Plaintiff's employment. As noted in Exhibit 1 and Plaintiff's Affidavit, she was an exemplary employee, who received assurances about her job.

Second, at the time Ms. Barden was hired, they were not at-will disclaimers or any sort of articulations of the at-will presumption. In addition, at the time Plaintiff signed innate knowledge meant which contained the at-will disclaimer, no explanation or any information was provided regarding the ramifications of this disclaimer. These constitute disputed issues of material fact which precludes summary judgment.

Third, because Plaintiff has disputed the job requirements in APC position, the statements made by Ms. Bouknight are sufficiently definite to create a triable issue of fact.

Under these circumstances, Plaintiff submits that the interest of justice require this initial Court to allow the fact Finder to adjudicate the claim to determine whether plaintiff can't prevail on these claims for relief.

## V
## Conclusion

Based upon the foregoing, Ms. Barden has established that there is contradictory evidence on her claim for relief and therefore, disputed issues of material fact exist. There are disputed claims with regard to her allegations of discrimination under the Americans With Disabilities Act. Plaintiff submits that there is a significant and material dispute as to whether Defendant actually considered reasonable accommodation. The Motion for Summary Judgment fails to discuss Plaintiff's full duty release that occurred well after the August, 2011 meeting. The failure of Defendant to evaluate this full duty release and the request made by Plaintiff to return to the grocery department gives rise to a viable claim under the Americans With Disabilities Act.

With regard to Plaintiff's promissory estoppel claim, there are significant factual disputes, as well. Plaintiff is an employee who has a lengthy tenure with the company. The disclaimers contained within the acknowledgment did not exist at the time she was hired. Representatives of Defendant made specific representations upon which Plaintiff detrimentally relied. Therefore, a factual issue exists with regard to this claim.

Plaintiff Gayla Barden respectfully requests the Court to deny the Motion for Summary Judgment in this case.

Dated this 22nd day of July, 2014.

NEMECHEK LAW GROUP, LLC


s/Timothy L. Nemechek
Timothy L. Nemechek, #18555
Nemechek Law Group,LLC
6780 S. Emporia Street
Centennial, CO  80112
(303) 414-2200
ATTORNEY FOR PLAINTIFF
GAYLA BARDEN

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of July, 2014, a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was served electronically via ECF, addressed to the following:

Margaret Parnell Hogan, Esq.
Katherine R. Kinde, Esq.
Daniel Combs, Esq.
Littler Mendelson, PC
1900 Sixteenth St., Suite 800
Denver, CO 80202

s/Tim Nemechek